IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01210-NYW-STV

DAVID ANTONIO RUFFIN

    Plaintiff,

v.

KEITH PENRY, LT.,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Entered by Magistrate Judge Scott T. Varholak

This matter comes before the Court on Defendant's Motion to Dismiss Amended Prisoner Complaint (the "Motion") [#29], which has been referred to this Court [#31]. The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED**, as set forth below.

**I.    BACKGROUND**[1]

Plaintiff is in custody at the Douglas County Detention Center ("DCDC"). [## 7 at 4; 59] In the Complaint, Plaintiff, proceeding pro se, asserts claims pursuant to 42 U.S.C.

---

[1] The facts are drawn from the allegations in Plaintiff's Amended Complaint (the "Complaint") [#7], which must be taken as true when considering the Motion. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

§ 1983 for violations of his constitutional rights based on conduct that occurred while housed at DCDC. [*See generally* #7]  Plaintiff alleges that DCDC staff mishandled his incoming mail, specifically an Economic Impact Payment check ("EIP Check") from the Internal Revenue Service ("IRS").  [*Id*.]

At some unspecified time, the IRS issued to qualified individuals three consecutive EIP Checks in the amount of $1,200, $600 and $1,400.  [#7 at 4]  Plaintiff received his first two checks without issue.  [*Id*.]  In August of 2022, after Plaintiff was transferred to a state Department of Corrections ("DOC") facility, Plaintiff received notice from the IRS that his third check was delivered to DCDC and then returned to the IRS. [*Id*.]  Plaintiff was informed by Sergeant Jenny McMillan that "[DCDC] was obligated to forward [Plaintiff's] EIP check to [Plaintiff] at [the] DOC facility."  [*Id*.]

Defendant Lieutenant Keith Penry was the mailroom lieutenant in charge of forwarding incoming mail at DCDC, including government issued EIP checks.  [*Id*.] Plaintiff alleges that during Plaintiff's time in DCDC he was "forced to experience countless (more or less) examples of retaliation from Lt. Penry." [*Id*. at 5]  Plaintiff alleges Defendant Penry was responsible for his housing assignment, which required Plaintiff to reside in the same cell for over nineteen months, without the ability to watch television, while exhibiting positive behavior, and was at times the only prisoner on the unit.  [*Id*. at 5-6]  Plaintiff seeks reimbursement for costs of this lawsuit, a check for $1,400, and an order compelling Douglas County to forward mail. [*Id*. at 8]

Plaintiff filed this lawsuit on April 6, 2023 [#1] and filed the operative Amended Complaint (the "Complaint") on June 5, 2023 [#7].  In the Complaint, he asserts claims against three defendants, in their individual and official capacities, under 42 U.S.C. § 1983

2

alleging that the handling of his third incoming EIP check from the IRS constituted violations of the First and Fourteenth Amendments. [*See id.*] This Court dismissed all but one of Plaintiff's claims: the claim against Defendant Penry in his individual capacity for mishandling Plaintiff's mail in violation of the First Amendment. [## 11, 14]

On October 17, 2023, Defendant Penry filed the instant Motion, seeking to dismiss the claim against him. [#29] Plaintiff has responded to the Motion [#76] and the Court concludes that no reply is necessary for the Court to issue its Recommendation.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242,

3

1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### B. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation omitted). Once the defense of qualified immunity has been raised, "the onus is on the plaintiff to demonstrate '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[2] *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). The Court has discretion "in deciding which of the two prongs of the qualified immunity analysis

---

[2] Once qualified immunity has been asserted, it is the plaintiff's burden to show both that they have alleged a constitutional violation and that that violation was clearly established. *Bledsoe v. Carreno*, 53 F.4th 589, 606, 617 n.25 (10th Cir. 2022). The Tenth Circuit, however, has recently instructed that a court must independently "use its full knowledge of its own and other relevant precedents" in engaging in a qualified immunity analysis. *Jordan v. Jenkins*, 73 F.4th 1162, 1174 n.10 (10th Cir. 2023).

should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent" such that it is "settled law." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The Supreme Court of the United States has "not yet decided what precedents—other than [its] own—qualify as controlling authority for purposes of qualified immunity." *Id.* at 66 n.8. The Tenth Circuit, however, has stated that "[o]rdinarily this standard requires either that there is a Supreme Court or Tenth Circuit decision on point, or that the 'clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains.'" *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017) (quoting *Klen v. City of Loveland*, 661 F.3d 498, 511 (10th Cir. 2011)).

The Tenth Circuit has explained the "clearly established" prong of the qualified immunity analysis as follows:

> A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. Although plaintiffs can overcome a qualified-immunity defense without a favorable case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate. The dispositive question is whether the violative nature of the *particular conduct* is clearly established. . . . Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

*Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quotations and citations omitted). The Supreme Court has "repeatedly stressed that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 583 U.S. at 63-64 (quotation omitted).

5

### C.     Pro Se Pleadings

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant."  *Id.* at 1110 n.3.  The Court, however, cannot be a pro se litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Moreover, pro se parties must "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## III.    ANALYSIS

Plaintiff alleges that Defendant Penry violated his First Amendment rights by mishandling his third government issued EIP check. [#7 at 4-6]  Defendant argues that: (1) Plaintiff has failed to state a claim for relief and (2) Defendant is entitled to qualified immunity.  [#29 at 2] The Court addresses these arguments in turn.

The First Amendment protects a prisoner's right to receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).  However, prison officials may conclude that certain interactions "seemingly innocuous to laymen, have potentially significant implications for the order and security of the prison;" thus, considerable deference to prison officials is necessary to ensure prison security.  *Id.* at 407-08*; see also Pell v. Procunier*, 417 U.S. 817, 822-23 (1974) ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).  As a result, prisoners are "required to 'recite facts that might well be unnecessary in other

6

contexts' to surmount a motion to dismiss." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012). In this context, to survive Defendants' 12(b)(6) motion to dismiss regarding his First Amendment claim, Plaintiff must allege facts that plausibly suggest that: "(i) his mail was mishandled; (ii) [ ] the particular named defendant was responsible for that mishandling; (iii) [ ] the mishandling was purposeful; and (iv) there is a plausible inference to be drawn that the basis for that mishandling was not reasonably related to a legitimate penological interest." *Vreeland v. Griggs*, No. 12-cv-01921-PAB-KMT, 2015 WL 13236349, *4 (D. Colo. Aug. 28, 2015) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1187–88 (10th Cir. 2010).

Plaintiff alleges that his mail was mishandled when prison officials failed to forward his EIP check. And prison officials have a responsibility to forward mail to inmates. *Simkins v. Bruce*, 406 F.3d 1239, 1242-44 (10th Cir. 2005); *Penton v. Johnson*, No. 22-15665, 2023 WL 7121407, at *2 (9th Cir. Oct. 30, 2023); *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir.1975). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) ("Defendants admitted to opening one piece of [the plaintiff's] constitutionally protected legal mail by accident. Such an isolated incident, without any evidence of improper motive or resulting interference with [the plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *see also Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (prisoner not entitled to monetary relief under Section 1983 where prison officials erroneously withheld a single piece of mail on the grounds that it was inflammatory).

7

Here, Plaintiff alleges that Defendant Penry was the mailroom lieutenant in charge of forwarding incoming mail at DCDC, and Plaintiff's third EIP check was not forwarded to Plaintiff after he had been transferred from the county jail to a DOC facility. [#7 at 4] Rather, the check was returned to the IRS. [*Id*.] Defendant Penry argues Plaintiff fails to state a claim because there are no allegations supporting: (1) Defendant Penry was personally responsible for any alleged mishandling [*id*. at 8-9] and (2) that the mishandling was purposeful [*id*. at 10]. The Court agrees.

First, Plaintiff identifies Defendant Penry as the responsible party solely by virtue of Defendant Penry's role as "the mailroom Lieutenant in charge of forwarding incoming government mail." [#7 at 4] His response likewise states that Defendant Penry was the Lieutenant in charge of the mailroom, and therefore responsible for Plaintiff's mail. [#76 at 4] But Plaintiff does not allege a specific date of the mail mishandling, nor does Plaintiff disclose whether Defendant Penry was the only individual assigned to this role, or that Defendant Penry personally received, returned or otherwise handled Plaintiff's EIP check. The Court thus finds that Plaintiff's allegations lack the specificity required to plausibly allege that Defendant Penry personally participated in the alleged mail mishandling.

Next, in support of *purposeful* mishandling, Plaintiff alleges that during his time in DCDC he was "forced to experience countless (more or less) examples of retaliation from Lt. Penry," like when Defendant Penry required Plaintiff to reside in the same cell for over nineteen months, without the ability to watch television. [*Id*. at 5-6] However, these allegations relating to Plaintiff's nineteen-month housing assignment are insufficient to support the inference that Defendant Penry retaliated against Plaintiff in mishandling the EIP check. *Truby v. Denham*, No. 1:16-cv-02764-CMA-CBS, 2017 WL 8942573, at *2

8

(D. Colo. Oct. 16, 2017) ("A plaintiff may not defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting violations that have not been plead."), *report and recommendation adopted*, No. 16-CV-02764-CMA-MLC, 2017 WL 5898598 (D. Colo. Nov. 30, 2017). The (largely) unspecified examples of "retaliation" do not plausibly suggest to the Court that Defendant Penry retaliated against Plaintiff by not forwarding to Plaintiff his EIP check, especially since Plaintiff's two earlier checks were delivered without incident. And the Court need not accept unreasonable inferences or unwarranted deductions of fact. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ("unreasonable inferences . . . are insufficient to defeat a motion to dismiss"). Nor may this court "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

Finally, "[Plaintiff] has not alleged any unconstitutional regulation or custom restricting incoming mail, and there are no facts to suggest anything more than occasional discrete errors in mail processing." *Babbitt v. California Dep't of Corr. & Rehab.*, No. 2:22-cv-02196-DAD AC PS, 2023 WL 2760910, at *3 (E.D. Cal. Apr. 3, 2023) ("The fact that plaintiff did not receive three pieces of mail over a period of one to two years . . . does not support a constitutional claim"), *report and recommendation adopted*, No. 2:22-cv-02196-DAD AC PS, 2023 WL 5055554 (E.D. Cal. Aug. 8, 2023); *see also Smith*, 899 F.2d at 944 (explaining that an "isolated incident" of mail tampering, "without any evidence of improper motive or resulting interference with [the plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Turner v. Smith*, No. C-95-4651 MHP, 1997 WL 588937, at *6 (N.D. Cal. Sept. 8, 1997) ("[A]n isolated incident of mail interference or delay due to prison error does not justify relief under section 1983.");

*cf. Sizemore v. Williford*, 829 F.2d 608, 611 (7th Cir. 1987) (explaining that "the context of [an inmate's] confinement" excuses "the occasional loss or theft of his [mail]").  For these reasons, the Court finds that Plaintiff has not plausibly alleged that Defendant Penry violated his First Amendment rights by mishandling Plaintiff's mail.[3]

Accordingly, the Court respectfully RECOMMENDS that Defendants' Motion to Dismiss [#29] be GRANTED and that Plaintiff's First Amendment claim be DISMISSED WITHOUT PREJUDICE.  *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend" (quotation omitted)); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

IV. **CONCLUSION**

For the foregoing reasons, this Court respectfully **RECOMMENDS** that the Motion to Dismiss [#29] be **GRANTED**, and that Plaintiff's Amended Complaint [#7] be **DISMISSED**.  The Court further **RECOMMENDS** that, if this Recommendation is adopted, Plaintiff be given 21 days to file an Amended Complaint for the limited purpose of

---

[3] Because the Court finds that Plaintiff has failed to state a claim, Defendant Penry is also entitled to qualified immunity. *See Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("It is true that if the plaintiff failed to state a claim under Rule 12(b)(6), the government would also be entitled to qualified immunity"); *Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1244 (10th Cir. 2008)("If the court concludes no constitutional right has been violated, no further inquiry is necessary and the defendant is entitled to qualified immunity.").

asserting a First Amendment Claim against Defendant Penry based on the handling of Plaintiff's incoming EIP check from the IRS.[4]

DATED: August 9, 2024

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).