IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01210-NYW-STV

DAVID ANTONIO RUFFIN,

    Plaintiff,

v.

KEITH PENRY, LT.,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak, issued on August 9, 2024 (the "Recommendation"). [Doc. 77]. Judge Varholak recommends granting Defendant Lieutenant Keith Penry's ("Defendant") Motion to Dismiss, [Doc. 29]; dismissing Plaintiff David Antonio Ruffin's ("Plaintiff") Amended Complaint, [Doc. 7], without prejudice; and allowing Plaintiff to file a Second Amended Complaint for the limited purpose of asserting a First Amendment claim against Defendant based on the handling of Plaintiff's incoming Economic Impact Payment ("EIP") check from the Internal Revenue Service. [Doc. 77].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id.* at 11 n.4]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 9, 2024, and objections were due on August 23, 2024. No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge Scott T. Varholak [Doc. 77] is **ADOPTED**;

(2) Defendant's Motion to Dismiss [Doc. 29] is **GRANTED**;

(3) The Amended Complaint [Doc. 7] is **DISMISSED without prejudice**;

(4) Plaintiff **SHALL FILE** a Second Amended Complaint for the limited purpose of asserting a First Amendment claim against Defendant Penry based on the handling of Plaintiff's incoming EIP check from the Internal Revenue Service, **no later than 14 days from the date of this Order**;

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

(5) Plaintiff is **ADVISED that the failure to file a Second Amended Complaint by the Court-ordered deadline and consistent with the limitations set forth in this Order may result in the dismissal of this case**; and

(6) The Clerk of Court shall mail a copy of this Order to:

David Antonio Ruffin
#881372
Douglas County Detention Center
ACDF #1342432
4000 Justice Way
Castle Rock, CO 80109

DATED: September 3, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge